IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

AUG 2 1 2006

MARKUS B. ZIMMER, CLERK
BY_____
         DEPUTY CLERK

| | |
|---|---|
| KLEIN-BECKER USA, LLC, a Utah Limited Liability Company; KLEIN-BECKER IP HOLDINGS, LLC, a Nevada Limited Liability Company; and BASIC RESEARCH, LLC, a Utah Limited Liability Company,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>VITABASE.COM, LLC, an expired Georgia Limited Liability Company; COAD INC., a Georgia Corporation; OB LABS; GREG HOWLETT, an individual, and JOHN DOES 1-10,<br><br>　　　Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br><br><br>Case No. 2:06-CV-00668 PGC |

On August 11, 2006, plaintiff Klein-Becker USA filed a complaint alleging trademark infringement, false advertising under the Lanham Act, copyright infringement, tortious interference with existing and prospective economic relations, unfair competition and civil conspiracy against the named defendants. Klein-Becker alleged that the named defendants had violated numerous federal and state statutes by manufacturing, distributing and selling anti-stretch mark and anti-aging products that are the same product as that owned by Klein-Becker. Klein-Becker also claimed that defendants use bait-and-switch tactics on their website by

advertising and discussing Klein-Becker's product and then offering their own products comparable to Klein-Becker's. Among other claims, Klein-Becker also alleged that it was entitled to a preliminary, and thereafter permanent, injunction against the defendants because it would suffer immediate and irreparable harm.[1] On August 18, 2006, Klein-Becker subsequently moved for a temporary restraining order [#7], and also filed a memorandum with its motion [#8].

To merit a temporary restraining order, much like a preliminary injunction, Klein-Becker must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable injury to the movant if the injunction is denied the injunction; (3) the threatened injury outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest."[2] Klein-Becker lays out a long explanatory discussion on the underlying facts of this case in its memorandum in support of the temporary restraining order. And Klein-Becker certainly discusses the irreparable harm that it might suffer if it is denied the injunction.

But as of August 21, 2006, Klein-Becker has failed to follow the procedures required for a temporary restraining order as discussed in FED. R. CIV. P. Rule 65(b). That rule specifically requires:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court

---

[1] Complaint, at 30 (Aug. 11, 2006).

[2] *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1283 (10th Cir. 1996).

in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Klein-Becker clearly alleges from specific facts both from the affidavits and the verified complaint that immediate and irreparable injury, loss, or damage would result before the opposing party could be heard in opposition. Klein-Becker has failed to certify to the court in writing, however, its efforts made to give the opposing party notice and the reasons supporting the claim that notice should not be required. In accordance with Fed. R. Civ. P. Rule 56(b), the court is unable to grant Klein-Becker's temporary restraining order until it provides certification to the court about efforts it has made to give notice to the defendants, and the reasons supporting the claim that notice was not required. Therefore, Klein-Becker's motion for a temporary restraining order is DENIED [#7].

The court's denial of Klein-Becker's motion for a temporary restraining order does not comment on the chances of any motion for preliminary injunction that it might choose to file in the future. The court does not view the "practical effect" of denying this temporary restraining motion as any decision on the merits of a preliminary injunction motion that might be filed by Klein-Becker at a later time.[3] Indeed, there is every indication that the court "contemplates a prompt hearing on a preliminary injunction" once Klein-Becker serves the defendants and seeks relief from the court through that avenue.[4]

---

[3] *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *United States v. Colorado*, 937 F.2d 505, 507 (10th Cir. 1991).

[4] *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees, AFL-CIO*, 473 U.S. 1301, 1305 (1985).

3

Given the foregoing discussion and the reasons stated, the court DENIES Klein-Becker's motion for a temporary restraining order [#7] and DENIES AS MOOT its ex parte application for leave to file its overlength memorandum [#6].

DATED this 21st day of August, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge