IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC, a Utah Limited Liability Company; KLEIN-BECKER IP HOLDINGS, LLC, a Nevada Limited Liability Company; and BASIC RESEARCH, LLC, a Utah Limited Liability Company, <br><br> Plaintiffs, <br><br><br><br> vs. <br><br><br><br> VITABASE.COM, LLC, an expired Georgia Limited Liability Company; COAD INC., a Georgia Corporation; OB LABS; GREG HOWLETT, an individual, and JOHN DOES 1-10, <br><br> Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING DATES FOR A PRELIMINARY INJUNCTION HEARING <br><br><br><br><br><br> Case No. 2:06-CV-00668 PGC |

On August 11, 2006, plaintiff Klein-Becker USA filed a complaint alleging trademark infringement, false advertising under the Lanham Act, copyright infringement, tortious interference with existing and prospective economic relations, unfair competition and civil conspiracy against the named defendants. Klein-Becker alleged that the named defendants had violated numerous federal and state statutes by manufacturing, distributing and selling anti-

stretch mark and anti-aging products that are the same as those owned by Klein-Becker. Klein-Becker also claimed that defendants use bait-and-switch tactics on their website by advertising and discussing Klein-Becker's product and then offering their own products comparable to Klein-Becker's. Among other claims, Klein-Becker also alleged that it was entitled to a preliminary, and thereafter permanent, injunction against the defendants because it would suffer immediate and irreparable harm.[1]

On August 18, 2006, Klein-Becker moved for a temporary restraining order [#7], and also filed a memorandum with its motion [#8]. Due to the urgency expressed by Klein-Becker's counsel, the court promptly acted on Klein-Becker's submitted filings. The court found that Klein-Becker laid out a long explanatory discussion of the underlying facts of this case in its memorandum in support of the temporary restraining order. It also noted that Klein-Becker alleged irreparable harm that it might suffer if it is denied the temporary restraining order. But, based on the filings submitted to the court, it was clear that Klein-Becker had not followed Fed. R. Civ. P. Rule 65(b) because *in its filings with the court* it failed to certify to the court in writing its efforts made to give the opposing party notice and the reasons supporting the claim that notice should not be required. Klein-Becker provided no notice to the court in any of its documents that it had already contacted the defendants, nor did it indicate in any discussions with the court that it had sufficiently met this mandatory portion of the rule. Accordingly, the court had no discretion but to deny the previous motion for a temporary restraining order.

Now that Klein-Becker has complied with the Federal Rules of Civil Procedure, the court

---

[1] Complaint, at 30 (Aug. 11, 2006).

looks anew at the filings.  As stated in its previous order, to merit a temporary restraining order, much like a preliminary injunction, Klein-Becker must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable injury to the movant if the injunction is denied the injunction; (3) the threatened injury outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest."[2]  Granting a temporary restraining order is, of course, an "extraordinary" remedy.[3]

At first glance, Klein-Becker has sufficiently alleged it will prevail on the merits of its claim under various federal and state statutes.  And, according to the filings, Klein-Becker alleges irreparable harm via economic loss.  But the Tenth Circuit has stated that "simple economic loss usually does not . . . constitute irreparable harm [since] such losses are compensable by monetary damages."[4]  Klein-Becker does allege various "bait-and-switch" tactics by the defendants, which may constitute certain reputational harms.  At the end of the day, however, such harm is still viably compensated primarily through economic means, and the court is wary of granting a temporary restraining order without other good cause.  Loss of economic opportunities, while certainly harmful, is generally quite compensable through monetary means.  In the court's view, such a loss generally does not warrant the extraordinary remedy of a temporary restraining order.

Therefore, the court finds that Klein-Becker has failed to demonstrate that it will suffer

---

[2] *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1283 (10th Cir. 1996).

[3] *See SCRS ILC, Inc. v. Visa USA, Inc.,* 936 F.2d 1096, 1098 (10th Cir. 1991).

[4] *Heideman v. South Salt Lake City*, 342 F.3d 1182, 1189 (10th Cir. 2003).

any harm that cannot be remedied with an award of monetary damages should it prevail upon its claims.  Accordingly, the court denies Klein-Becker's motion for temporary restraining order, but will entertain Klein-Becker's motion in the alternative for a preliminary injunction.

The court's denial of Klein-Becker's motion for a temporary restraining order does not necessarily dictate denial of its motion for preliminary injunction.  As stated previously, the court does not view the "practical effect" of denying this temporary restraining motion as any decision on the merits of a preliminary injunction motion now filed by Klein-Becker.[5]  Indeed, there is every indication that the court "contemplates a prompt hearing on a preliminary injunction" now that Klein-Becker has served the defendants with the complaint and seeks relief from the court through that avenue.[6]

Given that the extraordinary relief of a temporary restraining order does not appear appropriate to the court because monetary compensation will likely alleviate the majority of Klein-Becker's harms, the motion for a temporary restraining order is again DENIED [#10].  The court is inclined, however, to revisit these issues in the context of Klein-Becker's motion in the alternative for a preliminary injunction [#10].  Klein-Becker's motion for leave to file excess pages is GRANTED [#13].  The court anticipates that it will be able to resolve this motion largely on the written submissions of the parties.  Any evidentiary support, including affidavits in support or opposition to this motion, shall be provided to the court in filings by the dates stated

---

[5] *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *United States v. Colorado*, 937 F.2d 505, 507 (10th Cir. 1991).

[6] *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees, AFL-CIO*, 473 U.S. 1301, 1305 (1985).

below.  Klein-Becker is invited to file any supplemental memorandum in support of a preliminary injunction, if it so chooses, by September 6, 2006.  Defendants are to provide any response to the court on Klein-Becker's motion for preliminary injunction [#11] by September 19, 2006.  A hearing is scheduled on the preliminary injunction for September 26, 2006, at 10:00 A.M.

    SO ORDERED.

    DATED this 28th day of August, 2006.

                              BY THE COURT:

                              _____
                              Paul G. Cassell
                              United States District Judge